**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Peter TUCKER, Defendant–Appellant.**

No. 99–6349.

United States Court of Appeals, Second Circuit.

March 2, 2001.

---

On Submission, for appellant.

Douglas Fisher, Solomon and Solomon, P.C., Albany, NY, for appellee.

Present McLAUGHLIN, and SACK, Circuit Judges, CHATIGNY,* District Judge.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is hereby DISMISSED without prejudice.

In May 1999, the United States filed a complaint against defendant Tucker seeking recovery on a defaulted student loan. The complaint was served on Tucker on June 23, 1999. Tucker failed to respond to the complaint, and therefore, on October 22, 1999, the United States moved for a default judgment. On October 26, 1999, the district court granted the motion and entered a default judgment against Tucker in the amount of $5,319.74. On November 24, 1999, Tucker filed a timely notice of appeal.

---

* Honorable Robert N. Chatigny, of the United States District Court for the District of Connecticut, sitting by designation.

On appeal, Tucker argues that he never took out the student loan at issue. He asserts that someone else must have taken the loan out in his name, and states that his social security card was stolen in the early 1980s. Tucker also seeks to enter into an agreement with the government to decrease the amount he owes.

The government argues that since Tucker defaulted in the district court, he "has not preserved any issue of fact or legal determination for review by this Court," and states that the district court made no findings of fact or conclusions of law, and, therefore, there is nothing for this Court to review. The government also claims that no issues of fact or law are raised in the defendant's brief that warrant the vacating of the default judgment by this Court. In addition, the government argues that relief from the entry of default judgment is more properly sought by a motion under Fed.R.Civ.P. 55(c) in the district court.

Tucker appealed without first moving to set aside the default judgement against him in the district court pursuant to Fed. R.Civ.P. Rules 55(c) and 60(b). We are in no position to make a ruling on the merits of Tucker's appeal without a record compiled during the course of such a proceeding on which to base it.

Rule 55(c) states that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered [as it has here], may likewise set it aside in accordance with Rule 60(b)." Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

We note that although a motion to open a default judgment would ordinarily be based on "mistake, inadvertence, surprise, or excusable neglect" under clause (1), because this case was not scheduled for argument (an argument at which the defendant failed to appear) until December 1, 2000, more than one year after the default judgment was entered, a motion in the district court now based on clause (1) would appear to be untimely. We further note, however, that if the motion is meritorious and if the one-year limitation was not met because of delay in this court, the district court may find a means to grant Tucker the relief that he seeks from the default judgment, under clause (6) of Rule 60(b) or otherwise, although we express no opinion as to whether there is a legal or factual basis for such determination.

We therefore DISMISS the defendant's appeal without prejudice to his ability to renew the appeal after the disposition of a motion to reopen the default judgment in the district court.